FILED

2021 JUL 12 PM 3: 05

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:21-cr-17-ORL-40EJK
    26 U.S.C. § 5861(d)
JACQUAVIUS DENNARD SMITH    18 U.S.C. § 1028A(a)(1)
  a/k/a 9lokkNine    18 U.S.C. § 922(g)(1)
  a/k/a GlokkNine

## SUPERSEDING INFORMATION

The Acting United States Attorney charges:

### COUNT ONE

Between on or about July 7, 2019 and July 24, 2020, in the Middle District of Florida, and elsewhere, the defendant,

JACQUAVIUS DENNARD SMITH
a/k/a 9lokkNine
a/k/a GlokkNine

knowingly received and possessed a firearm, that is, a CMMG Inc. model MK4 semiautomatic rifle with serial number BME04991 having a barrel of less than 16 inches in length, as defined by 26 U.S.C. § 5845(a)(3) and (c), which was not registered to him in the National Firearms Registration and Transfer Record.

In violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.

### COUNT TWO

Between on or about March 24, 2021, and April 15, 2021, in the Middle District of Florida, and elsewhere, the defendant,

JACQUAVIUS DENNARD SMITH
a/k/a 9lokkNine
a/k/a GlokkNine

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, social security number, and address belonging to S.S., during and in relation to a felony violation of wire fraud, in violation of 18 U.S.C. § 1343, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

### COUNT THREE

On or about June 21, 2021, in the Middle District of Florida, and elsewhere, the defendant,

JACQUAVIUS DENNARD SMITH
a/k/a 9lokkNine
a/k/a GlokkNine

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Burglary of a Structure while Masked – Non-Dwelling Type, on or about April 4, 2017,

2. Criminal Mischief while Masked, on or about April 4, 2017,

3. Grand Theft – Statutory Property, on or about April 4, 2017,

4. Grand Theft – $300 or more but less than $20,000, on or about April 4, 2017,

5. Possession of Burglary Tools, on or about April 4, 2017,

2

6. Possession of Oxycodone, on or about August 24, 2020, did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Ruger FN-57 pistol with serial number 641-71710, and 19 rounds of ammunition, an offense committed while Jacquavius Dennard Smith was on release pursuant to an order dated March 9, 2021, from the United States District Court, Middle District of Florida, Case No. 21-cr-17-PGB-EJK, which order notified said defendant of the potential effect of committing an offense while on pretrial release.

In violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3147(1).

## **FORFEITURE**

1. The allegations contained in Counts One and Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation of 26 U.S.C. § 5861, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away such

firearm.

4. The property to be forfeited includes, but is not limited to, the following: CMMG Inc. model MK4 semiautomatic rifle with serial number BME04991 with 52 rounds of ammunition, a Ruger FN-57 pistol with serial number 641-71710 with 19 rounds of 5.7 x 28 ammunition.

5. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

KARIN HOPPMANN
Acting United States Attorney

By: *(signed)*
John M. Gardella
Assistant United States Attorney

By: *(signed)*
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division