AF Approval _JG_
$\quad$ _Fw_

Chief Approval _RBMH_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.$\qquad$CASE NO. 6:21-cr-17-PGB-EJK

JACQUAVIUS DENNARD SMITH

### AMENDED PLEA AGREEMENT

$\qquad$Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, Jacquavius Dennard Smith, and the attorneys for the defendant, Dan Eckhart and David R. Bigney, mutually agree as follows:

**A.**$\quad$**Particularized Terms**

$\quad$**1.**$\quad$**Counts Pleading To**

$\qquad$The defendant shall enter a plea of guilty to Counts One, Two, and Three of the Superseding Information.  Count One charges the defendant with Possession of Unregistered Firearm, in violation of 26 U.S.C. § 5861(d).  Count Two charges the defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.  Count Three charges the defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g).

Defendant's Initials _JS_

2.      <u>Minimum and Maximum Penalties</u>

Count One is punishable by not more than 10 years imprisonment, a fine of not more than $10,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

Count Two is punishable by a mandatory term of imprisonment of two years, consecutive to the sentence imposed for Counts One and Three, a fine of not more than $250,000, a term of supervised release of not more than 1 year, and a special assessment of $100.

Count Three is punishable by not more than 20 years imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.      <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:      The defendant possessed a firearm;

Second:   The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record; and

Defendant's Initials _____                    2

| Third: | The defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record. |
|---|---|

The elements of Count Two:

| First: | The defendant knowingly transferred, possessed, or used another person's means of identification; |
|---|---|
| Second: | Without lawful authority; |
| Third: | During and in relation to a felony violation of 18 U.S.C. § 1343; and |
| Fourth: | The defendant knew that the means of identification belonged to an actual person. |

The elements of Count Three:

| First: | The defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; |
|---|---|
| Second: | Before possessing the firearm, the defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year; |
| Third: | The defendant knew he had been convicted of a felony; and |
| Fourth: | The defendant committed the offense while on release pursuant to an order dated March 9, 2021, from the United States District Court, Middle District of Florida, Case No. 21-cr-17-PGB-EJK, which order notified the defendant of the potential effect of committing an offense while on pretrial release? |

Defendant's Initials                     3

4.    *Apprendi v. New Jersey*

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a maximum sentence of 20 years' imprisonment may be imposed as to Count Three because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant committed the offense while on release pursuant to an order dated March 9, 2021, from the United States District Court, Middle District of Florida, Case No. 21-cr-17-PGB-EJK, which order notified said defendant of the potential effect of committing an offense while on pretrial release.

5.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

6.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, in the underlying Indictment, Counts One, Two, and Three, and in the underlying Superseding Indictment, Counts One, Two, Three, and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

7.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _____                    4

8.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to S.S.

9.    Discretionary Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663(a) and (b), defendant agrees to make full restitution to the Small Business Administration in the amount of at least $10,416, less credit for any funds returned prior to sentencing for the wire fraud scheme involving the submission of a false application for a Paycheck Protection Program loan in the name of S.S.

10.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

11.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States

Defendant's Initials _____                              5

will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

12.   ~~Cooperation - Substantial Assistance to be Considered~~

~~Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all~~

Defendant's Initials _____   6

~~relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.~~

13.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials _____       7

pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303 whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be judicially forfeited specifically include, but are not limited to, the following: CMMG Inc. model MK4 semiautomatic rifle with serial number BME04991 with 52 rounds of ammunition, a Ruger FN-57 pistol with serial number 641-71710 with 19 rounds of 5.7 x 28 ammunition.

The defendant also agrees to the administrative forfeiture of: a Glock 22 .40 caliber pistol with serial number HUM874 with 18 rounds of ammunition, a Glock 17 9-millimeter pistol with serial number MUH777 with 23 rounds of ammunition, and 13 auto sears which assets were previously seized from the defendant.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture

Defendant's Initials _____                    8

of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the

defendant agrees that the preliminary order of forfeiture will satisfy the notice

requirement and will be final as to the defendant at the time it is entered. In the event

the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture

order may be incorporated into the written judgment at any time pursuant to Rule

36.

   The defendant agrees to take all steps necessary to identify and locate

all property subject to forfeiture and to transfer custody of such property to the

United States before the defendant's sentencing. The defendant agrees to be

interviewed by the government, prior to and after sentencing, regarding such assets

and their connection to criminal conduct.  The defendant further agrees to be

polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8

will not protect from forfeiture assets disclosed by the defendant as part of the

defendant's cooperation.

   The defendant agrees to take all steps necessary to assist the

government in obtaining clear title to the forfeitable assets before the defendant's

sentencing.  In addition to providing full and complete information about forfeitable

assets, these steps include, but are not limited to, the surrender of title, the signing of

a consent decree of forfeiture, and signing of any other documents necessary to

effectuate such transfers.  To that end, the defendant agrees to make a full and

complete disclosure of all assets over which defendant exercises control directly or

Defendant's Initials _____   9

indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials                     10

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

**B.**  **Standard Terms and Conditions**

1.  Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan

Defendant's Initials _____        11

imposed by t4he Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

2.   <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the

Defendant's Initials _____   12

count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any

Defendant's Initials _____   13

assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____        14

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.



9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel. The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials _____                    16

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials                     17

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _12th_ day of July 2021.

KARIN HOPPMANN
Acting United States Attorney

Jacquavius Dennard Smith
Defendant

John M. Gardella
Assistant United States Attorney

Dan Eckhart
Attorney for Defendant

Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

David R. Bigney
Attorney for Defendant

Defendant's Initials                    18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:21-cr-17-PGB-EJK

JACQUAVIUS DENNARD SMITH

## PERSONALIZATION OF ELEMENTS

Count One:

|  |  |  |
|---|---|---|
| First: | Did you possess a firearm? |
| Second: | Was the firearm registered to you in the National Firearms Registration and Transfer Record? |
| Third: | Did you know the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record? |

Count Two:

|  |  |
|---|---|
| First: | Did you knowingly transfer, possess, or use another person's means of identification? |
| Second: | Did you do so without lawful authority? |
| Third: | Did you do so during and in relation to a felony violation of 18 U.S.C. § 1343? |
| Fourth: | Did you know that the means of identification belonged to an actual person? |

Defendant's Initials             19

Count Three:

<div style="margin-left:2em">

First:      Did you knowingly possess a firearm in or affecting interstate or foreign commerce?

Second:      Before possessing the firearm, had you been convicted of a felony—a crime punishable by imprisonment for more than one year?

Third:      Did you know you had been convicted of a felony?

Fourth:      Did you commit the offense while on release pursuant to an order dated March 9, 2021, from the United States District Court, Middle District of Florida, Case No. 21-cr-17-PGB-EJK, which order notified you of the potential effect of committing an offense while on pretrial release?

</div>

Defendant's Initials _____

20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:21-cr-17-PGB-EJK

JACQUAVIUS DENNARD SMITH

## FACTUAL BASIS

**Count One**

Between on or about July 7, 2019 and July 24, 2020, in the Middle District of
Florida, and elsewhere, the defendant, knowingly received and possessed a firearm,
that is, a CMMG Inc. model MK4 semiautomatic rifle with serial number
BME04991 having a barrel of less than 16 inches in length, as defined by 26 U.S.C.
§ 5845(a)(3) and (c), which was not registered to him in the National Firearms
Registration and Transfer Record.

Specifically, the CMMG Inc. rifle was stolen during a burglary on July 7,
2019. At the time it was stolen the rifle had a different upper receiver that was about
16 inches in length. On July 24, 2020, the Orlando Police Department executed a
lawfully obtained search warrant at a residence on Chantelle Road, Orlando,
Florida. The residence belonged to the defendant's grandparents. The residence had
an attached garage. While searching the garage, officers found the CMMG Inc.
model MK4 semiautomatic rifle located inside of a suitcase. Also, inside of the
suitcase was a rifle magazine. Forensic analysis revealed the defendant's thumbprint

Defendant's Initials                 21

on the rifle magazine.  That magazine was a large capacity magazine capable of holding over 15 rounds of ammunition.  A forensic analysis of the grip area of the rifle found a mixed DNA profile present.  This profile was compared to a known sample of the defendant's DNA and concluded that the defendant is a possible DNA contributor to the mixed DNA profile found on the rifle grip area.

The barrel of the rifle was about 8 and 7/8 inches long.  Since the barrel is less than 16 inches long it must be registered in the National Firearms Registration and Transfer Record and this rifle was not.  The defendant was aware of the shortened size of the barrel.  Even though the defendant was not at the residence at the time the search warrant was executed, the rifle belonged to him and he was in constructive possession of it as he had both the power and the intention to take control over it later.



Defendant's Initials _____   22



**Count Two**

Between on or about March 24, 2021, and April 15, 2021, in the Middle District of Florida, and elsewhere, the defendant, did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, social security number, and address belonging to S.S., during and in relation to a felony violation of wire fraud, in violation of 18 U.S.C. § 1343, knowing that such means of identification belonged to an actual person.

On March 24, 2021, the defendant submitted an online application, on a website called Womply for a federal loan under the Paycheck Protection Program (PPP). The loan application was submitted under the name S.S. and included the name, social security number, and address belonging to S.S. The defendant submitted the application from Florida and the datacenters that Womply used were located in Virginia and Oregon. When this loan application was submitted to Womply it traveled over the Internet and in interstate commerce. On March 25, 2021, the defendant signed a form using an electronic signature claiming to be S.S.

Defendant's Initials _____        23

and returned the form to Womply over the Internet. By signing the form, the defendant made multiple representations, authorizations, and certifications verifying the veracity of the application, the type of business the PPP loan was for, the intended use of the PPP loan, and that he was "not engaged in any activity that is illegal under federal, state or local law." All of the defendant's representations, authorizations, and certifications were false.

The defendant put a phone number on the loan application that was registered to R.H., who is the defendant's girlfriend and who resided with the defendant while he was on pretrial release at a residence on Hazenridge Way, Orlando, Florida. The defendant provided banking information for the PPP loan funds to be deposited into an account with account number ********6296 and routing number 31101279. The account was with Bancorp Bank through an online banking company, Chime. The defendant opened this bank account on March 24, 2021, using the personal identifiable information belonging to S.S.

S.S. was telephonically interviewed by the FBI on April 21, 2021. His residence was at the location illicitly used by the defendant in the PPP loan application. The social security number and date of birth were S.S.'s personal identifiable information. S.S. did not know the defendant and never provided the defendant permission to use his identity in applying for a PPP loan. The defendant knew that S.S. was a real person.

Some of the defendant's communications were intercepted by the Orange County Sheriff's Office (OCSO) acting under a lawfully obtained wiretap. On or

Defendant's Initials _____                    24

about April 4, 2021, the defendant shared an image on Instagram in a group chat showing the loan in the name of S.S.



The defendant then wrote into the group chat, "They Sized Me But It's Lit", "Wait Nvm They Give Me 10 Now & 10 Later"

On April 15, 2021, a deposit was made into the account in the amount of $10,416 from Fountainhead SBF for a PPP loan.  On April 16, 2020, the defendant shared an image on Instagram in a group chat showing the deposit that was made in the Chime account the defendant controlled.

Defendant's Initials _____        25



Between on or about March 24, 2021, and April 15, 2021, the defendant knowingly devised the scheme to defraud and obtain money using false pretenses and representations about a material fact, with intent to defraud, and transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud. In doing so, the defendant committed wire fraud in violation of 18 U.S.C. § 1343.

**Count Three**

On or about June 21, 2021, in the Middle District of Florida, and elsewhere, the defendant, knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

Defendant's Initials                     26

1.    Burglary of a Structure while Masked – Non-Dwelling Type, on
      or about April 4, 2017,

2.    Criminal Mischief while Masked, on or about April 4, 2017,

3.    Grand Theft – Statutory Property, on or about April 4, 2017,

4.    Grand Theft – $300 or more but less than $20,000, on or about
      April 4, 2017,

5.    Possession of Burglary Tools, on or about April 4, 2017,

6.    Possession of Oxycodone, on or about August 24, 2020,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm

and ammunition, that is, a Ruger FN-57 pistol with serial number 641-71710, and 23

rounds of ammunition.

Specifically, the defendant was a felon and knew he was a felon since April

2017 as he was convicted in the State of Florida of a crime punishable by

imprisonment for a term exceeding one year.  Beginning on March 9, 2021, the

defendant was placed on pretrial release pending his federal trial.  Among other

conditions of release listed in the Court's order, the defendant was subject to Pretrial

Services supervision, was to refrain from having any firearm and ammunition in the

defendant's residence, and placed on home detention.  The defendant was in the

custody of a third party custodian and reported that he would be staying in a

residence on Hazenridge Way, Orlando, Florida.

On June 21, 2021, the OCSO executed a lawfully obtained search warrant at

the residence on Hazenridge Way.  At that time of the search warrant execution, the

Defendant's Initials _____                        27

defendant was one of four people in the residence and he was the only one in the master bedroom. Inside of a duffle bag within the master bedroom was a Ruger FN-57 with serial number 641-71710. One 5.7 x 28 round was found chambered in the gun. Several other 5.7 x 28 rounds were found in the duffle bag. The gun and ammunition were both manufactured outside of the State of Florida.





Also found within the master bedroom inside of a jacket belonging to the defendant were 13 auto sears. Five of the auto sears were for handguns and eight were for

Defendant's Initials 

28

rifles.  A sear was a trigger mechanism that holds the hammer, striker, or bolt back to convert a semi-automatic firearm into a fully automatic firearm.



All of the items in the master bedroom belonged to the defendant and he was in actual possession of them and in direct physical control of them.  The defendant has never applied for restoration of his civil rights, authority to own, possess or use firearms, or a pardon of any kind in the State Florida.

Defendant's Initials                 29