UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                          Case No. 6:21-cr-17-PGB-EJK
                                  (Forfeiture)

JACQUAVIUS DENNARD SMITH

## UNITED STATES' MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), to enter a Preliminary Order of Forfeiture, which, upon entry, shall be a final order of forfeiture as to the defendant for the following:

1. CMMG Inc. MK-4 rifle, 556 caliber, serial number BME04991;
2. 52 rounds of assorted ammunition;
3. Ruger FN pistol, serial number 641-71710; and
4. 19 rounds of ammunition.

In support of its motion, the United States submits the following memorandum of law.

# MEMORANDUM OF LAW

## I.  Statement of Facts

1. On July 12, 2021, a three count Superseding Information was filed. Doc. 54. Count One charged the defendant with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Count Three charged the defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *Id.*

2. As a result of the violations alleged in Count One and Three, the United States sought the forfeiture of any firearms and ammunition involved in the violations. Specifically, the United States sought to forfeit the above-referenced firearms and ammunition. *Id.* at 4.

3. On July 13, 2021, the United States and the defendant entered into an amended plea agreement. Doc. 59. In paragraph 13 of his amended plea agreement, entitled "Forfeiture of Assets," the defendant agreed that the above firearms and ammunition were subject to forfeiture as a result of the offenses charged in Counts One and Three of the Superseding Information. *Id.* at 8.

4. On July 13, 2021, the defendant pled guilty to Counts One and Three of the Superseding Information. Doc. 60. On July 13, 2021, the

Court accepted the plea of guilty and adjudicated the defendant guilty as to Counts One and Three of the Superseding Information. Doc. 70. The defendant is scheduled to be sentenced on December 15, 2021. *Id.*

II. **Applicable Law**

The Court's authority to order forfeiture of property for violations of 26 U.S.C. § 5861(d) is founded upon 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c). Section 5872 provides for the forfeiture of any firearm involved in the violation. In addition, the Court's authority to order forfeiture of property for violations of 18 U.S.C. § 922(g)(1) is founded upon 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Section 924(d) provides for the seizure and forfeiture of any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922. *See* 18 U.S.C. § 924(d). Section 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853(a).

The defendant admitted in the Factual Basis of his Plea Agreement that on between on or about July 7, 2019 and July 24, 2020, he knowingly received and possessed a CMMG Inc. model MK4 semiautomatic rifle with serial number BME04991 having a barrel of less than 16 inches in length, as defined

by 26 U.S.C. § 5845(a)(3) and (c), which was not registered to him in the National Firearms Registration and Transfer Record.  Factual Basis at 21. The CMMG Inc. rifle was stolen during a burglary on July 7, 2019.  At the time it was stolen the rifle had a different upper receiver that was about 16 inches in length.  *Id.*

Specifically, on July 24, 2020, the Orlando Police Department executed a lawfully obtained search warrant at a residence in Orlando, Florida.  While searching the garage, officers found the CMMG Inc. model MK4 semiautomatic rifle located inside of a suitcase.  Also, inside of the suitcase was a rifle magazine.  *Id.*  Forensic analysis revealed the defendant's thumbprint on the rifle magazine.  *Id.* at 22.  That magazine was a large capacity magazine capable of holding over 15 rounds of ammunition.  A forensic analysis of the grip area of the rifle found a mixed DNA profile present.  This profile was compared to a known sample of the defendant's DNA and concluded that the defendant is a possible DNA contributor to the mixed DNA profile found on the rifle grip area.  *Id.*

The barrel of the rifle was about 8 and 7/8 inches long.  Since the barrel is less than 16 inches long it must be registered in the National Firearms Registration and Transfer Record and this rifle was not.  *Id.*  The defendant

was aware of the shortened size of the barrel.   Even though the defendant was not at the residence at the time the search warrant was executed, the rifle belonged to him and he was in constructive possession of it as he had both the power and the intention to take control over it later.   *Id.*

Moreover, on or about June 21, 2021, the defendant, knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Ruger FN-57 pistol with serial number 641-71710, and 23[1] rounds of ammunition.   *Id.* at 26-27.   The gun and ammunition were both manufactured outside of the State of Florida.   *Id.*   The defendant has never applied for restoration of his civil rights, authority to own, possess or use firearms, or a pardon of any kind in the State Florida.   *Id.* at 29.

If the Court finds that the United States has established the requisite nexus between the firearms and ammunition sought for forfeiture and the violations charged in Counts One and Three of Superseding Information, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest in the firearms and

---

[1] ATF has confirmed it was actually 19 rounds of ammunition.

ammunition in accordance with 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2).

### III. Conclusion

For the above-stated reasons, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest in the subject firearms and ammunition.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the firearms and ammunition and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has such an interest in the specific property must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B); *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

                                Respectfully submitted,

                                KARIN HOPPMANN
                                Acting United States Attorney

By:   s/Nicole M. Andrejko
        NICOLE M. ANDREJKO
        Assistant United States Attorney
        Florida Bar Number 0820601
        400 West Washington Street, Suite 3100
        Orlando, Florida   32801
        (407) 648-7500 – telephone
        (407) 648-7643 – facsimile
        E-mail: nicole.andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Daniel W. Eckhart, Esquire
David R. Bigney, Esquire

                                s/Nicole M. Andrejko
                                NICOLE M. ANDREJKO
                                Assistant United States Attorney